UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABBVIE INC., <br> 1 N. Waukegan Road <br> North Chicago, IL 60064 <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br> 1111 Constitution Avenue, N.W. <br> Washington, D.C. 20224 <br><br> Defendant. | Civil Action No.:  23-cv-597 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff AbbVie Inc. ("Plaintiff" or "AbbVie") brings this action for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and states as follows:

## INTRODUCTION

1. Plaintiff seeks to compel the disclosure of records that were unlawfully withheld by the Internal Revenue Service ("Defendant" or "IRS") related to or referencing the IRS's examination of Plaintiff's taxable year ended December 31, 2014.  Specifically, Plaintiff seeks to compel the disclosure of records unlawfully withheld by Defendant related to or referencing Plaintiff's terminated proposed combination with Shire plc ("Shire") and related break fee payment to Shire.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B).  The Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff is a Delaware corporation with its principal place of business located in Illinois.

5. Defendant is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., that has possession and control over the records that Plaintiff seeks under the FOIA.

## STATUTORY FRAMEWORK

6. The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5. U.S.C. § 552(a)(3)(A).

7. Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made. *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

8. An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request. 5 U.S.C. § 552(a)(6)(A). If the agency fails to respond, this Court has jurisdiction upon receipt of a complaint to review, *de novo*, the agency's failure to respond and order the production of any agency records improperly withheld from the requester. 5 U.S.C. § 552(a)(4)(B).

**STATEMENT OF FACTS**

A. **Defendant's Examination**

9. Defendant, a bureau of the Department of the Treasury, is responsible for the administration and enforcement of the federal tax law.

10. On May 28, 2014, Defendant began its Compliance Assurance Process examination of Plaintiff's tax year ended December 31, 2014.

11. On December 6, 2022, Defendant's Independent Office of Appeals ("IRS Appeals") issued to Plaintiff a Statutory Notice of Deficiency (the "Notice") disallowing a break fee incurred in connection with the termination of a public company merger as an ordinary tax deduction (the "Break Fee Issue").

B. **Plaintiff's FOIA Request**

12. On December 22, 2022, Plaintiff's counsel submitted to the IRS a FOIA request on Plaintiff's behalf ("Plaintiff's FOIA Request"). *See* Declaration of Daniel A. Rosen (March 3, 2023) ("Rosen Decl."), Ex. I (Attachment 1 hereto). Plaintiff's FOIA Request sought all records related to or referencing the Break Fee Issue, including:

   i. All records related to or referencing the Break Fee Issue, including but not limited to the following items described in the Internal Revenue Manual:

   1. Form 4318, Examination Workpapers Index, or Form 4318-OA, Examination Workpapers Index - Office Audit, and supporting records;

   2. Form 4318-A, Continuation Sheet for Form 4318, Examination Workpapers Index, and supporting records;

   3. Administrative and Issue Lead Sheets and Sub-Issue Lead Sheets, supporting workpapers, index systems, pro forma audits, and pro forma interviews;

   4. Forms 9984, Examining Officer's Activity Record;

   5. Automated workpapers and reports;

3

      6. Forms 3198, Special Handling Notice;

      7. Forms 3210, Document Transmittal;

      8. Forms 5346, Examination Information Report;

      9. Revenue Agent Reports ("RAR")/Examination Reports;

      10. Forms 4665, Report Transmittal;

      11. Forms 3963, International Examiner's Report; and

      12. Special Agents' Reports and Collateral Reports.

ii. All communications related to or referencing the Break Fee Issue, including but not limited to any communications involving:

      1. Helen Hubbard (IRS Office of Chief Counsel);

      2. Daniel Trevino (IRS Office of Chief Counsel);

      3. Robert Martin (IRS Office of Chief Counsel);

      4. Danielle Dold (IRS Office of Chief Counsel);

      5. Tess deLiefde (IRS Counsel);

      6. Donald Fields (IRS Appeals);

      7. Nickolas Head (IRS);

      8. John Stance (IRS);

      9. Nancie Li (IRS);

      10. Ismael Carreno (IRS);

      11. Nicholas Amatangelo (IRS);

      12. J. Timothy Cromley (IRS);

      13. Linda Koblarczyk (IRS);

      14. Steven Dybas (IRS);

      15. Michael Pisano (IRS);

      16. James Barrett (IRS);

17. Chris Trivelas (IRS);

18. Greg Shelton (IRS);

19. James Johnson (IRS);

20. Scott Brady (IRS);

21. Richard Brooks (IRS);

22. Shah Mobed (IRS);

23. Deanna Tenovsky (IRS);

24. Kevin Roust (IRS);

25. Mark Klym (IRS);

26. Tenesha Jones (IRS);

27. Matthew Terlouw (IRS);

28. Neal Connelley (IRS);

29. Carl Doerfler (IRS)

30. Peter Clark (IRS);

31. Joseph Sclafani (IRS);

32. Donald Mallow (IRS);

33. Elizabeth McHugh (IRS);

34. Li Pan (IRS);

35. Elizabeth Patrun (IRS);

36. David McConnell (IRS);

37. Junaid Manjra (IRS);

38. Thomas Kramer (IRS);

39. Nelofar Ali (IRS); and

40. Allen Mina (IRS).

    iii.    All records constituting the IRS Office of Chief Counsel's legal files related to or referencing the Break Fee Issue.

    iv.    All records related to or referencing the retention of, and work performed by any outside experts regarding, referring, or in any way related to the Break Fee Issue.

    v.    To the extent not covered by the categories of records listed above, all records contained in any IRS, IRS Appeals, or IRS Office of Chief Counsel administrative, legal or other files, or otherwise maintained by the IRS, IRS Appeals, or IRS Office of Chief Counsel, regarding, referring, or related to the Break Fee Issue.

13.    Plaintiff's FOIA Request was received by the appropriate IRS component on December 22, 2022.

14.    On January 27, 2023, Defendant sent Plaintiff's counsel a letter in connection with Plaintiff's FOIA Request ("Defendant's January 27, 2023 Letter").  *See* Rosen Decl., Ex. II.

15.    Defendant's January 27, 2023 Letter incorrectly identifies the party for whom Plaintiff's FOIA Request relates and the date of Plaintiff's FOIA Request.  Defendant's January 27, 2023 Letter indicates that Defendant was unable to meet the 20 working-day statutory deadline to respond to Plaintiff's FOIA Request and claimed a 10-day statutory extension, to February 7, 2023, to "[s]earch for and, to the extent that records exist, collect requested records from other locations." *Id.* at 1.

16.    Defendant's January 27, 2023 Letter also states that Defendant would not be able to comply with the 10-day statutory extension and instead stated that Defendant "expect[ed] to provide a final response to [Plaintiff's FOIA Request] by May 8, 2023." *Id.*

17. To date, Defendant has not responded to Plaintiff's FOIA Request.

18. The February 7, 2023 statutory deadline for Defendant to respond to Plaintiff's FOIA Request has expired and Defendant is not entitled to any further, unilateral delay.

19. Because Defendant failed to comply with the FOIA time limit provisions, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSE OF ACTION

### Production Under the FOIA

20. Plaintiff asserts and incorporates by reference paragraphs 1-19.

21. Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

22. Plaintiff is entitled under the FOIA to access the requested records.

23. Defendant wrongfully withheld the requested records in violation of the FOIA.

24. Plaintiff exhausted its administrative remedies with regard to the wrongfully withheld records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

b. Enjoin Defendant from withholding and order Defendant to disclose the requested records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

c. Award Plaintiff its costs and reasonable attorneys' fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

d. Grant such other and further relief as the Court may deem just and proper.

Dated:  March 3, 2023

Respectfully submitted,

| | |
|---|---|
| /s/ Vivek A. Patel | /s/ George M. Clarke, III |
| Vivek A. Patel | George M. Clarke, III |
| Bar No. 1033178 | Bar No. 480073 |
| Baker & McKenzie, LLP | Baker & McKenzie, LLP |
| 815 Connecticut Ave. N.W. | 815 Connecticut Ave., N.W. |
| Washington, DC 20006 | Washington, DC 20006 |
| Phone: (202) 835-6124 | Phone: (202) 835-6184 |
| Fax: (202) 416-7124 | Fax: (202) 416-7184 |
| vivek.patel@bakermckenzie.com | george.clarke@bakermckenzie.com |